UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at Pikeville)

| | | |
|---|---|---|
| UNITED STATES of AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | Criminal Action No. 7: 03-21-DCR |
| | ) | Civil Action No. 7: 13-7290-DCR |
| V. | ) | |
| | ) | |
| ANTHONY T. POTTER, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant/Movant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Anthony T. Potter has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [Record No. 58] Because Potter's motion is not timely, he has failed to demonstrate that he is entitled to habeas relief. As a result, the Court will deny the relief requested.

## I.

Potter was indicted on April 24, 2003, for conspiracy to distribute and possess with intent to distribute certain controlled substances — namely, cocaine and methamphetamine — in Letcher County, Kentucky. [Record No. 3] Potter also was charged in Count 8 with being a convicted felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). [*Id.*] Rather than proceed to trial, Potter entered a guilty plea on September 8, 2003. [Record No. 25]

The written Plea Agreement tendered to the Court at the time of the re-arraignment hearing outlined the elements for each count as well as a factual basis for the defendant's guilty

plea. In relevant part, Potter admitted to the following facts which are outlined in his Plea Agreement:

> (b)     That on or about July 2, 2002, in Letcher County, Kentucky in the Eastern District of Kentucky, a search of . . . Anthony Potter's residence produced an additional 146.798 grams of a mixture or substance containing cocaine, a schedule II controlled substance, and 1.02 grams of actual methamphetamine, a schedule II controlled substance. In addition, officers recovered a Davis Industries .380 caliber handgun under the sofa with the wallet of the defendant, Anthony Potter being the same residence where drug transactions had taken place. Both defendants were present at the time of the search. The defendant, Anthony Potter, has been convicted of three prior violent felonies including aggravated assault in the State of Tennessee committed in October 25, 1999 and convicted on April 18, 2000, burglary in the State of Georgia committed on February 18, 1999, and violence to a police officer by force in the State of Georgia committed on February 21, 1999 both resulting in convictions on October 1, 1999. The firearm was manufactured outside of the State of Kentucky.

[Record No. 34, pp. 2-3 ¶ 4] In paragraph 12 of his Plea Agreement, Potter waived the right to appeal "the conviction and any sentence within the applicable maximum statutory penalty," as well as the right to collaterally attack his guilty plea, conviction, or sentence. [*Id.*, pp. 4-5 ¶ 12]

Potter was sentenced on December 15, 203, to a total term of imprisonment of 225 months, to be followed by five years of supervised release. [Record No. 36] He did not appeal his conviction or sentence. On July 15, 2013, Potter filed his habeas motion under 28 U.S.C. § 2255. [Record No. 58]

## II.

The Court conducts an initial review of motions seeking habeas relief. 28 U.S.C. § 2243. It must deny a § 2255 motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4 of the Rules Governing § 2255 Cases in the United States District Courts. The Court evaluates Potter's

petition under a lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003).

In his § 2255 motion, Potter challenges his conviction for being a convicted felon in possession of a firearm, in violation of the Armed Career Criminal Act ("ACCA"). He asserts that "he does not have the requisite number of prior felony convictions to warrant his sentence being enhanced under the ACCA." [Record No. 58, pp. 1-2] Potter maintains that two recent cases — *Jones v. United States*, 689 F.3d 621 (6th Cir. 2012), and *Alleyne v. United States*, 133 S. Ct. 2151 (2013) — establish that his sentence was inappropriate. He seeks to "be resentenced to the mandatory minimum term of imprisonment – 180 months."[1] [Record No. 58, p. 6]

## A. Timeliness

A defendant seeking to collaterally challenge his federal conviction or sentence is subject to a one-year limitation period. 28 U.S.C. § 2255(f). As a general rule, the time "shall run from . . . the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). Here, Potter was sentenced on December 15, 2003, and he did not appeal. His conviction therefore became final in December of 2003, yet he did not file the current motion until almost ten years later. Thus, Potter's motion is untimely under § 2255(f)(1).

However, the one-year limitation period may also run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized

---

1    Potter's requested relief conflicts with the stated reasons for his § 2255 motion. Although he argues that he should not have been convicted under the ACCA, he asks for a sentence of "no more than 180 months," which is the mandatory minimum that applied to his case pursuant to that statute. *See* 18 U.S.C. § 924(e)(1). He also appears to argue that the Court "increased the mandatory minimum" when it imposed a sentence greater than 180 months. However, a minimum sentence creates a floor, not a ceiling. A district court does not err by imposing a sentence that exceeds the statutory minimum for an offense.

by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). Potter maintains that his motion is timely under this provision "because it was filed within one year of the Sixth Circuit's decision in *Jones*." [Record No. 58, p. 2] In *Jones*, the Sixth Circuit held that the Supreme Court decision in *Begay v. United States*, 553 U.S. 137 (2008), applies retroactively. 689 F.3d at 624. Thus, Potter contends that the one-year period runs from the date when the rule announced in *Begay* was determined to be retroactive by the Sixth Circuit. Yet the clear language of the habeas statute forecloses such a conclusion. Under § 2255(f)(3), the one-year period of limitation runs from the date of the Supreme Court decision announcing a new retroactive rule, not the date of a later Court of Appeals decision construing the higher court's opinion.[2] Therefore, Potter's motion cannot be deemed timely by reference to the rule announced in *Begay*.

Potter also cites the Supreme Court's recent decision in *Alleyne*, with very little discussion, in his § 2255 motion. Although he does not specifically argue that his motion is timely with respect to the holding in *Alleyne*, the Court notes that the case was decided on June 17, 2013. Liberally construing Potter's motion, the Court will consider whether it is timely as filed within one year of *Alleyne*.

In *Alleyne*, the Supreme Court held that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt."

---

2       Potter's reliance on *Wiegand v. United States*, 380 F.3d 890 (6th Cir. 2004), does not change this conclusion. In *Wiegand*, the Sixth Circuit held that any federal court can determine whether a Supreme Court holding is retroactive. *Id.* at 892. However, the court did not conclude, as implied by Potter, that such a retroactivity assessment can be used as the starting point for the one-year period of limitation under § 2255(f)(3).

133 S. Ct. at 2155. Because the case was decided on direct appeal, there is no indication in *Alleyne* that the Supreme Court intended its holding to apply retroactively to cases on collateral review, and the Sixth Circuit has not yet spoken on the issue. As a result, this Court must "decide retroactivity in the first instance." *Wiegand*, 380 F.3d at 893. In doing so, the Court will assume *arguendo* that the rule announced in *Alleyne* recognized a new right, and that Potter seeks to assert that right in his § 2255 motion.[3]

Generally, a new rule of law decided after a defendant's conviction becomes final may not be applied to that defendant's case on collateral review. *Teague v. Lane*, 489 U.S. 288, 310 (1989). There are, however, two exceptions to this rule. The retroactive application of a new rule is appropriate when:

> 1) the rule places certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe or otherwise prohibits imposition of a certain type of punishment for a class of defendants because of their status or offense; or 2) the rule announces a new "watershed" rule of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding.

*In re Green*, 144 F.3d 384, 386 (6th Cir. 1998).

The holding in *Alleyne* does not fall within either of these exceptions. The *Alleyne* Court did not place any individual conduct beyond the power of the United States to punish, nor did it prohibit the imposition of any type of punishment. And the rule announced in *Alleyne* does not qualify as a watershed rule of criminal procedure. *See Caspari v. Bohlen*, 510 U.S. 383, 396

---

3        Potter argues that "the ACCA – § 924(e) (an element of the offense), was not listed in Movant's indictment." [Record No. 58, p. 3] However, Count 8 of the Indictment specifically charged Potter with violations of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). [Record No. 3, p. 5] Moreover, as set out above, Potter stipulated to having been "convicted of three prior violent felonies" in his Plea Agreement. [Record No. 34, p. 3] Therefore, it does not appear that *Alleyne* applies to the facts of this case.

(1994) (describing watershed rule as "a groundbreaking occurrence"); *Saffle v. Parks*, 494 U.S.

484, 495 (1990) ("Although the precise contours of this exception may be difficult to discern,

we have usually cited *Gideon v. Wainwright*, 372 U.S. 335 (1963), holding that a defendant has

the right to be represented by counsel in all criminal trials for serious offenses, to illustrate the

type of rule coming within the exception."). Further, as the Seventh Circuit has explained,

> *Alleyne* is an extension of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). The
> Justices have decided that other rules based on *Apprendi* do not apply
> retroactively on collateral review. *See Schriro v. Summerlin*, 542 U.S. 348
> (2004). This implies that the Court will not declare *Alleyne* to be retroactive. *See
> also Curtis v. United States*, 294 F.3d 841 (7th Cir. 2002) (*Apprendi* itself is not
> retroactive).

*Simpson v. United States*, No. 13-2373, 2013 U.S. App. LEXIS 13902, at *3 (7th Cir. July 10,

2013); *see also Affolter v. United States*, No. 4:13CV01413, 2013 U.S. Dist. LEXIS 104835, at

*5 n.2 (E.D. Mo. July 26, 2013).

The Court concludes that the rule announced in *Alleyne* cannot be applied to Potter's

§ 2255 motion because it does not have retroactive effect. A number of other district courts

considering the matter have reached a similar conclusion. *Affolter*, 2013 U.S. Dist. LEXIS

104835, at *5 (declining to apply *Alleyne* as it "does not fall within either of the exceptions to

the non-retroactivity rule"); *United States v. Eziolisa*, No. 3:10-cr-039, 2013 U.S. Dist.102150,

at *6-8 (S.D. Ohio July 22, 2013) ("*Alleyne* does not apply retroactively to [this] case so as to

extend the statute of limitations."); *United States v. Stanley*, No. 09-CR-0022-JHP, 2013 U.S.

Dist. LEXIS 98943, at *20-21 (N.D. Okla. July 16, 2013) ("[B]ecause the Court finds that

*Alleyne* does not fall within either of the exceptions to the non-retroactivity rule, the Court

declines to apply *Alleyne* in this section 2255 proceeding."); *see also United States v. Cantu-*

*Rivera*, No. H-13-0797, 2013 U.S. Dist. LEXIS 103188, at *3 (S.D. Tex. July 24, 2013); *Smith v. Fed. Bureau of Prisons*, No. 9:13-384-RMG-BM, 2013 U.S. Dist. LEXIS 103643, at *9 n.2 (D.S.C. July 2, 2013). Therefore, because *Alleyne* is not retroactive to cases on collateral review, and because Potter's motion was not filed within one year of *Begay*, his motion will be dismissed as untimely.

**B.     Waiver**

Even if Potter's § 2255 motion was timely, it would be denied because he has waived his right to collaterally attack the guilty plea, conviction, and sentence imposed in the case. Waiver is the "intentional relinquishment or abandonment of a known right." *United States v. Olano*, 507 U.S. 725, 733 (1993) (internal quotation marks omitted). Constitutional rights may be waived as long as the defendant does so knowingly and voluntarily. *United States v. Ashe*, 47 F.3d 770, 775-76 (6th Cir. 1995); *see Davila v. United States*, 258 F.3d 448, 450-51 (6th Cir. 2001). This Court has previously found that the defendant's guilty plea was knowing and voluntary and that he fully understood all terms and conditions of the written Plea Agreement, including the effect of the waiver of the right to directly or collaterally attack his guilty plea, conviction, and sentence. [Record No. 25] Because he does not assert a claim for ineffective assistance of counsel, much less one that "relate[s] directly to the plea agreement or the waiver," Potter's claims are barred by virtue of the waiver provision contained in his Plea Agreement. *Davila*, 258 F.3d at 451.

**III.**

For the reasons discussed above, it is hereby

**ORDERED** as follows:

1. Defendant/Movant Anthony T. Potter's Motion to Vacate, Set Aside, or Correct Sentence [Record No. 58] is **DENIED**.

2. This habeas proceeding shall be **DISMISSED** and **STRICKEN** from the docket.

This 31st day of July, 2013.

Signed By:

*Danny C. Reeves* DCR

United States District Judge